May Term, 1860.

FOSTER
v.
BIRCH.

---

## FOSTER v. BIRCH and Others.

The failure of an administrator to file a second bond, upon obtaining an order for the sale of real estate, he and the Court supposing, though erroneously, that the statute had been complied with, will not render void a sale regularly made and confirmed, if the money received is faithfully accounted for.

| 14 | 445 |
| 134 | 427 |
| 14 | 445 |
| 147 | 253 |

APPEAL from the *Howard* Circuit Court.

Monday,
June 11.

PERKINS, J.—*Jones* was the administrator upon the estate of *Ethan Birch*, deceased; and, to secure to the heirs of *Birch* the legal title to a piece of land in which *Birch* had an equity, he borrowed 200 dollars, paid the debt due upon the land, and had the title conveyed to the heirs. No personal estate of *Birch* came to the hands of *Jones*,

his administrator, by means of which the 200 dollars borrowed could be repaid. It became necessary, therefore, to sell a part of the real estate, the title to which had been procured by the 200 dollars borrowed, as *Birch* left no other. But the title to that was in the heirs of *Birch*, and they were infants. *Jones* was, upon these considerations, appointed guardian of the heirs; and, at the same term of the Court, obtained an order for the sale of the lands necessary to pay the 200 dollars.

The object of his appointment was to effect such sale; but he filed his only bond in the penalty of 1,000 dollars— large enough—on his appointment, no other being filed on the making of the order by the Court for the sale of the land.

The administrator and the Court both regarded the bond filed, as being filed to fulfill the requirement of the statute relating to the order of sale of the land.

The lands were appraised, and sold for a fair consideration, the sale confirmed by the Court, the purchase-money received by the administrator, and appropriated to the payment of the debt, as ordered. All seems to have been done *bona fide*.

The heirs now sue to recover back that land, without first offering to return the purchase-money and interest, now, by lapse of time, amounting to between 400 and 500 dollars. They recovered below, on the ground, plainly, as there is no other disclosed justifying such recovery, that a second bond was not filed by the administrator upon the order of sale.

The informality of the proceedings precedent to the sale, except as to the bond, would not vitiate. *Adkins* v. *Sidener*, 5 Ind. R. 228.—Ind. Dig., 496. To have complied with the statute, a second bond should have been filed. *Warwick* v. *The State*, 5 Ind. R. 350.—Ind. Dig., 496.

But the question here is, will the failure to file such bond, where the administrator and Court really supposed, though mistakenly, that the statute had been complied with, and the sale was regularly made, and afterwards

confirmed by the Court, and the money received faithfully accounted for, render the sale void? And we think not. Everything has been accomplished that a bond could have accomplished. The heirs have no equity. They have received the full benefit of the sale. A bond is only required to secure the heirs against the misappropriation of the sale money. Here, they have had all the benefit of that. We think the sale, under the exact circumstances of this case, should not be held void.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*N. R. Lindsay* and —— *Harrison*, for the appellant.

*C. D. Murray* and *J. W. Thompson*, for the appellees.