## McKeever et al. *v.* Ball et al.

### No. 6873.

Guardian and Ward.—*Complaint to Vacate Guardian's Sale of Ward's Land.—Exhibit.*—Where, in an action to set aside a guardian's sale of his ward's real estate, a transcript of the proceedings resulting in an order of court for such sale is set out in the body of the complaint as a part thereof, and not merely attached thereto as an exhibit, it forms part of the complaint.

Same.—*Jurisdiction of Common Pleas Court*—During the existence of common pleas courts, a common pleas court had jurisdiction to order the sale, by a guardian, of real estate belonging to his ward and situated within the county.

Same.—*Insufficiency of Petition does not Affect Jurisdiction.*—Where such court has jurisdiction over the subject-matter and the parties interested, the mere fact that the guardian's petition for the sale was defective does not affect the jurisdiction of the court.

Same.—*Failure of Guardian to give Additional Bond.—Squandering Proceeds of Sale.—Cases Distinguished.*—In an action to set aside a guardian's sale of his ward's real estate, brought by the ward against the purchaser, the complaint alleged, as cause, that the guardian had never given the additional bond required by law, and that the proceeds of the sale had been lost and unaccounted for.•

*Held*, that the sale was void. *Foster v. Birch*, 14 Ind. 445, and *Dequindre v. Williams*, 31 Ind. 444, distinguished.

Same.—*Sale by Commissioner.—Bond.*—The sale in such a proceeding may, under section 20 of the act touching the relation of guardian and ward, 2 R. S. 1876, p. 597, be made by a commissioner appointed by the court. But the statute requires no bond of such commissioner; and the fact that he gives such a bond does not relieve the guardian from executing the bond required by sections 18 and 19 of that act, as it is the duty of such commissioner to produce the proceeds of such sale in court, when reporting the sale, and to at once pay the same over to the guardian.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams*, for appellants.

*J. A. Wilstach, E. A. Greenlee* and *W. D. Wallace*, for appellees.

Howk, J.—In this action, the appellants sued the appellees, in a complaint of a single paragraph; to which the appellees, Rose A. Ball and John Ball, severing in their

McKeever *et al. v.* Ball *et.al.*

defence, jointly demurred on several grounds of objection. This demurrer was sustained by the court, and to this decision the appellants excepted, and, declining to amend or plead further, judgment was rendered against them for the appellees' costs.

In this court, the only error assigned by the appellants is the decision of the circuit court in sustaining the demurrer to their complaint.

The appellants, Anna McKeever, Elizabeth McKeever and Daniel McKeever, alleged, in substance, in their complaint, that in August, 1861, William McKeever died intestate in Tippecanoe county, Indiana, seized in fee simple of certain real estate, particularly described, in the city of Lafayette in said county; that the said intestate left surviving him, as his only heirs at law, the defendant Mary McKeever, his widow, who inherited an undivided one-third part of said real estate, and five children, namely, the three appellants in this action, and John McKeever and William McKeever, Jr., each of whom inherited an undivided two-fifteenths part of said real estate; that, in 1864, the said John McKeever died intestate and without issue, and his share of said real estate descended, the undivided one-half thereof to his mother, the said Mary McKeever, and the remainder thereof, in equal shares, to his four surviving brothers and sisters; that in 1877, the said William McKeever, Jr., also died intestate and without issue, and his said share of said real estate also descended, the undivided one-half thereof, to his mother, Mary McKeever, and the residue thereof, in equal shares, to the appellants in this suit; that on the 26th day of March, 1864, the said Mary McKeever, then the guardian of the appellants and also the administratrix of the estate of her husband, William McKeever, deceased, and also the guardian of said William McKeever, Jr., since deceased, filed an application in the court of common pleas of said county for leave to

sell the two-thirds part of said real estate; that such proceedings were thereafter had, in that behalf, that on the 14th day of April, 1864, said real estate was sold to one Matthew Ball, and a deed for two-thirds of said real estate, under an order of said court, was made on the — day of ———, 1870, to one Edward H. Ball, the assignee of said Matthew Ball; that the said proceedings, on said application, were irregular, illegal, fraudulent and void, and the sale of said real estate was invalid and insufficient to convey title to said two-thirds of said real estate, because, the appellants said :

1.   That said petition and application for the sale of said real estate did not state facts sufficient to invest said court of common pleas with jurisdiction to make the order for and sale of such real estate, in this :

*a.*   That said petition did not show the character and value of the personal estate of the wards of said guardian ;

*b.*   That said petition did not show the disposition, if any, made of such personal estate ;

*c.*   That said petition did not disclose the amount and condition of the personal estate of said wards, if any, dependent upon the settlement of any estate, or the execution of any trust ;

*d.*   That said petition did not show the annual value of the real estate of said wards ;

*e.*   That the petition did not show the amount or disposition of the rents received ;

*f.*   That the petition did not show the items of the indebtedness of said wards ;

*g.*   That the petition did not show the ages of said wards, nor where nor with whom they resided ;

*h.*   That the petition did not contain a sufficient, or any, description of the real estate sought to be sold by said guardian and administratrix ;

2. Because the real estate was not appraised in the manner prescribed by law;

3. Because the guardian and administratrix did not file an additional bond, as required by statute, either before or after the order was made and entered for the sale of said real estate;

4. Because the proceeds of such sale were never properly accounted for, and, for the want of such additional bond, were wholly lost to said wards; and,

5. Because notice of the filing of said petition was not given according to law, or in any manner. And the appellants made a complete record of the proceedings of said court of common pleas, upon said petition, a part of their complaint in this action.

The appellants further alleged, that the defendant Mary McKeever, on the — day of ——, 1870, sold and conveyed all the interest she then had in said real estate to Edward H. Ball, who afterward conveyed the same to the appellee Rose A. Ball, who then was, and for seven years past had been, in the possession thereof; that they, the appellants, were each the owner in fee simple of the undivided seven-fortieths, the said Rose A. Ball was the owner in fee simple of the undivided sixteen-fortieths, and the said Mary McKeever was the owner in fee simple of the undivided three-fortieths of said real estate ; that, for the past eight years, the said Rose A. Ball had received the rents and profits of said real estate, amounting in the aggregate to, to wit, fourteen thousand dollars ; that under the said proceedings and sale of said real estate, on the petition of said Mary McKeever, guardian and administrator, as aforesaid, the said Rose A. Ball claimed to be the owner in fee simple of the whole of said real estate, which claim was unfounded, but was a cloud on the appellants' title; and that the said real estate could not be divided between the said parties with-

out damage thereto and to the interests of the several owners thereof.

Wherefore the appellants demanded judgment that the sale of said real estate, under the petition of said Mary McKeever, guardian and administratrix, and the proceedings thereon, might be set aside and held for naught; that their title to the undivided twenty-one fortieths of said real estate might be declared absolute and quieted; that said real estate, as not susceptible of partition, might be sold, under the order of the court; that an account might be taken of the rents received by said Rose A. Ball, and that they have judgment for five thousand dollars, as their share thereof; and that they might have all other proper relief in the premises.

To this complaint, the appellees Rose A. Ball and John Ball jointly demurred upon the following grounds of objection:

1.   That the court had no jurisdiction of the subject of the action;

2.   That the court had no jurisdiction of the persons of said appellees;

.3.   That the complaint did not state facts sufficient to constitute a cause of action; and,

4.   That several causes of action had been improperly united.

The record of this cause does not, in terms, disclose upon which of these grounds of objection the demurrer to the complaint was sustained by the circuit court; but we think we may safely assume, as we do, that it was sustained upon the third ground, namely, that the complaint did not state facts sufficient to constitute a cause of action.   There can be no doubt, as it seems to us, in regard to the jurisdiction of the court, both of the subject-matter of the action and of the persons of the appellees; and we utterly fail to see, how it can be said, that several causes of

McKeever *et al. v.* Ball *et al.*

action had been improperly united by the appellants, in their complaint. Indeed, the appellees' learned counsel, in their able and elaborate brief of this cause, have confined their argument to the single question of the sufficiency of the facts stated in the complaint to constitute a cause of action; so that the other grounds of objection to the complaint, specified in appellees' demurrer, may properly be regarded as, at least, impliedly waived.

A point is made by the appellees' counsel, in argument, in reference to the appellants' complaint, which we ought, perhaps, to dispose of before we consider any of the questions arising under the assignment of error. It is claimed by counsel, that the complete record of the proceedings of the court of common pleas, upon the petition of the guardian and administratrix, is no part of the complaint in this case, because it was simply filed as an exhibit with the complaint, and, as it was not the foundation of the action, it could not thus be made a part of the complaint. This point would be well taken, perhaps, under the decisions of this court, if it were apparent in, or sustained by, the record of this cause. As this case is presented to this court, the complete record of the proceedings of the court of common pleas was not filed as an exhibit with, but was set out at length in the body of, the complaint in this action; and it must be considered by us as much a part of said complaint as any allegation of fact contained therein.

We pass now to the consideration of those questions which fairly arise under the alleged error of the court in sustaining the appellees' demurrer to the appellants' complaint. It is claimed by the appellants' counsel, as we understand their argument, that the sale of the real estate in controversy by Mary McKeever, under which the appellee Rose A. Ball claimed title thereto, was invalid and void for two reasons, both of which were clearly shown by the complaint in this action, as follows:

1. Because the sale in question was not authorized by a court of competent jurisdiction; and,

2. Because the failure of Mary McKeever, as guardian, to file the additional bond, which the statute imperatively required as a condition precedent to the power of the court to authorize such sale of said real estate, rendered the proceedings of said court of common pleas wholly inoperative, and the said sale made thereunder absolutely void.

1. We do not doubt, that the sale of the real estate in controversy was authorized by a court of competent jurisdiction. The real estate was situate, as we have seen, in the city of Lafayette, in Tippecanoe county, Indiana; and the owner in fee thereof, William McKeever, died intestate in August, 1861, in said county. Letters of administration on said decedent's estate, and letters of guardianship of his infant children, appear to have been duly issued to his widow, Mary McKeever, by the court of common pleas of Tippecanoe county, which court had full and complete original jurisdiction, under the laws then in force, both of the administration of said decedent's estate and of the guardianship of his infant children. When, therefore, the said Mary McKeever, whether as administratrix of said decedent's estate or as guardian of the persons and estates of his minor children, presented her petition to said court of common pleas, praying therein for an order authorizing the sale of the two-thirds part of said real estate, which was liable to be converted into money for the payment of the decedent's debts, and which, subject to this liability, descended to the infant children and heirs at law of said decedent, we are clearly of the opinion, that the said court of common pleas had full and complete jurisdiction of the subject-matter of the petition, and, upon proper proceedings had, was authorized by law to order and direct the sale of such real estate.

It is true, that the petition presented by said Mary McKeever to said court of common pleas, for the sale of said real estate, is a curious medley of pleading, in its allegations of fact; so that it must have been difficult, in the outset, to determine from the face of the petition, whether it was filed by the petitioner as the administratrix of said decedent's estate, or as the guardian of the persons and estates of the decedent's minor heirs. It is manifest, however, from the record before us, that the petition in question was regarded and acted upon as a guardian's petition, in and by said court of common pleas; and that, as such petition, such proceedings were had thereon as led to the sale of said real estate. It must be confessed, that the petition was exceedingly defective and informal in its allegations; but, aside from its defects and informalities, it showed substantial reasons, amounting almost to an absolute necessity, for the sale of said real estate. Upon the facts stated in the petition, which we must assume were fully sustained by the evidence, the court of common pleas was fully authorized and empowered by law to order and direct the sale of said real estate. By section 4 of the act of May 14th, 1852, establishing courts of common pleas, it was provided that the court of common pleas of the proper county "shall have original and exclusive jurisdiction, * * * to authorize guardians to sell and convey real estate of their wards." 2 G. & H., p. 20. In the face of this statutory provision, it will not do to say, we think, that the sale of the real estate in controversy in this action, which was authorized by the court of common pleas of Tippecanoe county, was not authorized by a court of competent jurisdiction, merely because the petition or application of the guardian for authority to make such sale was defective, and did not contain a statement of the matters, which the statute provided it should "set forth specifically." 2 R. S. 1876, p. 594, sec. 15. The

defects and omissions in the petition were at most matters
of error, which did not in any manner affect the jurisdic-
tion of the court. Thus, in the case of *Worthington* v.
*Dunkin*, 41 Ind. 515, it was said by this court, upon the
point now under consideration: "The court had jurisdic-
tion over the subject-matter and of the ward, who was
represented in the court by his guardian. It had the
power to pass upon the sufficiency of the petition. This
power to hear and determine is jurisdiction. *Dequindre* v.
*Williams*, 31 Ind. 444. If a court thus having jurisdiction
errs in its holding an insufficient petition to be good, it is
a mere error, and not a defect of jurisdiction."

In the case at bar, we are of the opinion that the sale of
the real estate in question was authorized by a court of
competent jurisdiction, notwithstanding the many defects
and omissions in the guardian's petition for such sale,
complained of by the appellants.

2. The second reason, assigned by the appellants' coun-
sel, for claiming that the guardian's sale of the real estate
was invalid and void, presents a more difficult question.
This second reason is founded upon the provisions of sec-
tion 538 of the code, which section reads as follows :

"Sec. 538. No sale of any real estate, made by an exec-
utor, administrator or guardian, shall be avoided, on
account of any irregularity or defect in the proceedings, if
it shall appear,

"*First.* That the sale was authorized by a court of com-
petent jurisdiction.

"*Second.* That the executor, administrator or guardian
gave bond, as required by law.

"*Third.* That notice of the time and place of sale
was given in the manner prescribed by law; and,

"*Fourth.* That the premises were sold accordingly, and
are held by or under one who purchased them in good
faith." 2 G. & H., p. 266.

The second reason for the invalidity of the guardian's sale of the real estate, as claimed by the appellants' counsel, is, that Mary McKeever, as guardian, failed to give bond as required by law. In section 18 of the act of June 9th, 1852, touching the relation of guardian and ward, it is provided, that, upon the appraisement being filed of the real estate, which the guardian has filed his petition for an order to sell, "the court shall require such guardian to execute bond, with sufficient freehold sureties, payable to the State of Indiana, in double the appraised value of such real estate, with condition for the faithful discharge of his duties, and the faithful payment, and accounting for, of all moneys arising from such sale, according to law." 2 R. S. 1876, p. 595.

Section 19 of said act then provides as follows:

"Upon such bond being filed and approved by the court, the court shall order the sale of such real estate." 2 R. S. 1876, p. 596.

In their complaint in this case, the appellants alleged, among other things, that the guardian gave no additional bond, as required by statute, either before or after the order was made and entered for the sale of said real estate. In section 538 of the code, above quoted, it is provided, that a guardian's sale of real estate shall not be avoided, if it shall appear, *inter alia*, that the guardian gave bond as required by law. By fair construction or interpretation, it would seem to have been the legislative intention, in the enactment of said section, that a guardian's sale of real estate might be avoided, if it should appear that the guardian had not given bond as required by law. In the case of *Foster* v. *Birch*, 14 Ind. 445, the question now under consideration was before this court, in relation to an administrator's sale of real estate, which is also governed by the provisions of sec. 538 of the code. In the case cited, it appeared that the administrator had failed to give the additional

bond required of him by the statute, upon obtaining an order for the sale of the real estate; but it further appeared, that the money received from such sale had been faithfully accounted for by the administrator. It was decided by the court, in that case, and we think correctly so, that the sale was not void for the mere failure to file the additional bond. The court said: " Every thing has been accomplished that a bond could have accomplished. The heirs have no equity. They have received the full benefit of the sale. A bond is only required to secure the heirs against the misappropriation of the sale money. Here, they have had all the benefit of that. We think the sale, under the exact circumstances of this case, should not be held void." Upon this point, it was said by FRAZER, C. J., in the case of *Dequindre* v. *Williams, supra,* on page 456, that " there is another principle, old as Plowden, and never, we believe, questioned, though perhaps sometimes overlooked, which, it seems to us, is applicable here. The present case shows,    *    *    *    *    that the purchase-money of the land was applied to the benefit of the plaintiffs, and some of it paid to them after they arrived at full age. The guardian accounted for the whole, to the satisfaction of the probate court."

While the cases cited meet our full approval, upon the facts of the cases, we are not disposed to extend their doctrine and make it applicable to other and different facts. In the case now before us, the appellants expressly alleged in their complaint, that the proceeds of the sale of their real estate were never properly accounted for, and, for the want of such additional bond, were wholly lost to the wards of said guardian. If the facts thus alleged were true, and the appellees' demurrer concedes them to be true, we think the appellants have a title to, and an interest in, the real estate in controversy, which have never been sold away from them in conformity to law, and which

they are not estopped from asserting, upon any legal or equitable grounds apparent in the complaint.

For the reasons given, we are of the opinion, that the court erred in sustaining the appellees' demurrer, for the want of facts, to the appellants' complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

### ON PETITION FOR A REHEARING.

HOWK, J.—The appellees Rose A. Ball and John Ball " most earnestly petition this court to grant them a rehearing of the above entitled cause on the point on which the judgment of the court below was reversed; " and in support of their position, that the decision of this court, in reversing the judgment below, is erroneous, they assign certain reasons which we will briefly consider.

1. The first reason assigned for a rehearing of the cause is thus stated by the appellees' learned counsel : " The judgment of this court is based upon the erroneous idea, that the judicial sale sought to be set 'aside was made by a guardian ; whereas it was made, as appears by the record and as was urged by your petitioners in their printed briefs, by a commissioner." We are under the impression, that the appellees' counsel have probably misapprehended the " idea," whether erroneous or not, upon which the judgment of this court is based. The opinion of this court shows very clearly, we think, that the judgment pronounced therein was based upon the idea, that the sale sought to be set aside was made upon the application or petition of the guardian, that the additional bond which the statute imperatively requires of the guardian in such a case, and which is in the nature of a condition precedent to the order of the court for the sale of

the real estate, had never been executed by the guardian or by sufficient freehold sureties, and that, for the want of such additional bond, the proceeds of the sale of the real estate had been wholly lost to the wards of the guardian. These were the ideas or facts, plainly alleged in the appellants' complaint and admitted by the appellees' demurrer thereto to be true, upon which " the judgment of this court," as announced in the original opinion, was based, and upon which we now adhere to that judgment.

But the appellees' counsel say, that the record of this cause shows that the sale of the real estate was made, not by the guardian, but by a commissioner appointed by the court for that purpose, and that this commissioner gave a bond conditioned for the faithful performance of the duties of his trust, according to law. In section 20 of the act of June 9th, 1852, touching the relation of guardian and ward, it is provided that "'The court may empower such guardian to make sale of such real estate, or may appoint a commissioner or commissioners for that purpose." 2 R. S. 1876, p. 597.

It is manifest, we think, from the language of this section and its position in the statute, that the Legislature never intended that its directory provisions should be so construed as to dispense with the imperative mandate of sections 18 and 19 of the same act, specifically providing that the court shall require the execution by the guardian of an additional bond, before any order is made for the sale of the ward's real estate. The sale, though made by a commissioner under the appointment of the court, is none the less the guardian's sale. The statute does not even provide, that the commissioner appointed shall be required to execute any bond, either before or after his appointment; and no duty or trust is imposed upon such commissioner, in connection with the sale, except that he "shall make report thereof to such court, and produce the

proceeds of sale." These proceeds would go at once, upon the confirmation of sale, under the law, into the possession of the guardian.

This is the reason, as it seems to us, why the Legislature provided, in such mandatory terms, that the court shall require the guardian to execute an additional bond, before any order should be made for the sale of the ward's real estate ; and it may probably account for the absence of any requirement in the statute, that the commissioner, appointed to make a guardian's sale, should give any bond for the faithful performance of his duties.

In the case at bar, as it comes before this court, the appellants allege, and the appellees admit, that the appellants' guardian, upon her application for the sale of her wards' real estate, never gave the additional bond required by the statute in such a case; and that, for the want of such additional bond, the proceeds of the sale of their real estate were wholly lost to the wards of the guardian. Upon these allegations and admissions, we held and still hold, that the appellants have a title to, and an interest in, the real estate in controversy, which have never been sold away from them in conformity with law, and which they are not estopped from asserting, upon any legal or equitable grounds apparent in the record. We are of the opinion, that the fact that the guardian's sale was made by a commissioner, who had given bond for the faithful performance of his duties, does not in any manner affect the appellants' cause of action, or estop them from asserting the same and seeking the relief demanded in their complaint.

The other reasons assigned by the appellees for a rehearing of this cause are, in substance, the same as the first, differing therefrom chiefly in verbiage and phraseology. We need not, therefore, extend this opinion in setting out those other reasons, or in commenting upon them; as, in what we have said, we have considered and passed upon

the principal cause, upon which the appellees relied for a rehearing.

The petition for a rehearing is overruled, at the appellees' costs.