No. 12,678.

## SCHNECK v. COBB.

DRAINAGE.—*Bond.*—*Number of Sureties.*—*Dismissal.*—In the absence of any showing that a bond, with one surety, taken by the county auditor in a drainage proceeding instituted under section 4286, R. S. 1881, is insufficient in other respects, it is error to dismiss the petition on the sole ground that that statute seems to require more than one surety in the bond. See section 1221, R. S. 1881.

From the Jackson Circuit Court.

*A. P. Charles, R. Hill* and *R. N. Lamb*, for appellant.
*W. K. Marshall*, for appellee.

HOWK, C. J.—In section 4286, R. S. 1881, it is provided as follows: "Before the board of county commissioners shall establish any ditch, drain, or watercourse, there shall be filed with the auditor of such county a petition, signed by one or more of the land-owners whose lands will be liable to be affected by or assessed for the expense of the construction of the same, setting forth the necessity thereof, with a general description of the proposed starting point, route, and ter-

minus; and shall give a bond, with good and sufficient free-hold sureties, payable to the State, to be approved by the auditor, conditioned to pay all expenses in case the board of commissioners shall fail to establish said proposed ditch, drain or watercourse."

Acting under the foregoing statutory provisions, and in intended compliance therewith, as we may suppose, the appellant, Schneck, on the 2d day of June, 1884, filed with the auditor of Jackson county his petition for the establishment and construction of a certain ditch or drain, in such county, and also his bond, with a single surety, payable to the State, then and there approved by the auditor of the county, and conditioned as required by the statute.   On the 6th day of June, 1884, as shown by the record before us, appellant presented his petition and bond to the board of commissioners of the county; that upon an examination then had of such petition, the county board found "it sufficient, and that the same contained all the allegations required by law;" and that thereupon the county board ordered that three named persons be appointed to view the proposed work, to meet at a desig-nated time and place and proceed, with a competent civil en-gineer, to view and mark out the ditch as the law directed, and to file their report with the county auditor at least four weeks before the September term, 1884, of the board, until which time this cause was continued.   It is further shown by the record, that the viewers appointed filed their report herein on the 2d day of August, 1884, in the office of such county auditor; that at the September term, 1884, of such county board, before any action was had by the board upon the viewers' report, the appellee, Cobb, appeared and moved the board in writing "to dismiss the petition herein, because there is no bond of the petitioner on file, with sufficient free-hold sureties, approved by the auditor of Jackson county;" and that the board sustained this motion, and dismissed appellant's petition at his costs.

On appeal to the circuit court, the appellee renewed his

motion to dismiss the petition herein. The court sustained this motion, and the appellant excepted and filed his bill of exceptions.

The only question presented for our decision by this appeal may be thus stated: Did the court err in sustaining appellee's motion to dismiss appellant's petition? We are of opinion that this question must be answered in the affirmative. It is manifest that the only objection presented by appellee's motion to dismiss the appellant's petition is, that the bond therewith filed was executed by the petitioner with a single surety, when the statute seems to require that such bond should have been executed by two or more sureties. Appellee made no showing either that the surety in the bond was not a freeholder, or that he was not a sufficient surety. As the bond was taken and approved by the proper county auditor, it must be presumed, in the absence of any showing to the contrary, that the single surety who executed such bond was a sufficient freehold surety. In *Ward* v. *Whitney*, 8 N. Y. 442, it is said: " The defendants insist that this is not a valid bond, for the reason that the statute requires the bond to be executed by the debtor or his agent, with such *sureties* as shall be approved by the officer, and that this bond has but one surety. An omission to procure more than one surety does not invalidate it. *Johnson* v. *Laserre*, 2 Ld. Raym. 1459 ; *Mitchell* v. *Thorp*, 5 Wend. 287."

It is certain, we think, that the bond filed by the appellant, with his petition herein, was not void. It was approved by the proper county auditor, and was conditioned as required by the statute. In section 1221, R. S. 1881, it is provided, *inter alia*, that no " bond, recognizance, or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance or recital or condition, nor the principal or surety be discharged," etc. Under this section of the statute, it is clear that the bond given by the appellant herein, and approved by the county auditor in the discharge of the duties of his office, was

The Louisville, New Albany and Chicago R'y Co. *v.* Thompson, Adm'r.

a valid obligation, and binding on both the principal and surety. This is settled by our decisions. *Hawes* v. *Pritchard,* 71 Ind. 166 ; *Carver* v. *Carver,* 77 Ind. 498; *Fawkner* v. *Baden,* 89 Ind. 587.

Of course, if a proper showing had been made that the surety in the bond was not a freeholder, or was not a sufficient surety, the petitioner might have been required to give an additional bond, with good and sufficient freehold sureties, to be approved by the auditor. But, in the absence of such a showing, it was error to sustain the appellee's motion and to dismiss the appellant's petition.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the motion to dismiss the petition, and for further proceedings not inconsistent with this opinion.

Filed Sept. 21, 1886.