Davidson *et al. v.* Bates *et al.*

Filed June 30, 1887.

| | |
|---|---|
| 111 | 391 |
| 112 | 392 |
| 113 | 221 |
| 113 | 327 |
| 117 | 38 |
| 118 | 514 |
| 121 | 476 |
| 111 | 391 |
| 125 | 186 |
| 111 | 391 |
| 129 | 64 |
| 111 | 391 |
| 133 | 319 |
| 133 | 394 |
| 133 | 604 |
| 111 | 391 |
| 136 | 28 |
| 136 | 178 |
| 111 | 391 |
| 138 | 510 |
| 111 | 391 |
| 143 | 260 |
| 143 | 339 |
| 111 | 391 |
| 146 | 229 |
| 147 | 147 |
| 111 | 391 |
| 156 | 621 |
| 111 | 391 |
| 165 | 612 |
| 165 | 613 |
| 111 | 391 |
| 171 | 384 |

No. 10,401.

## DAVIDSON ET AL. *v.* BATES ET AL.

WILL.—*Character of Estate Taken.*—*Remainders.*—A remainder will never be held to be contingent where it can be held to be vested consistently and in harmony with the apparent intention of the testator.

SAME.—*Construction.*—*Vested Remainder.*—Under a will executed and probated in 1844, directing that the use and occupation and the rents and profits of certain real estate should be allowed or paid over to his wife during her natural life, for the maintenance and support of herself and a minor son, and that after the death of the wife, and after the son should become of age, such real estate should be divided equally among the testator's children, the children take a vested remainder, subject to the mother's life-estate.

GUARDIAN'S SALE.—*Statute of Limitations.*—*Legal Disability.*—Under section 293, R. S. 1881, an action for the recovery of real estate sold by a guardian or commissioner of a court must be commenced within five years after the sale is confirmed; but if the party entitled to maintain the action is under a legal disability, then, under section 296, if the full period of limitation has expired during the existence of the disability, the action must be brought within two years after its removal.

SAME.—*Failure to Give Additional Bond.*—*Collateral Attack.*—The failure of a guardian to give the additional bond required by the statute upon a sale of his ward's real estate, is not available in a collateral attack to defeat the sale, notwithstanding the statute of limitations.

From the Marion Superior Court.

*G. W. Galvin,* for appellants.

*S. Claypool* and *W. A. Ketcham,* for appellees.

HOWK, J.—This was a suit by appellants against the appellees, Hervey Bates and Mary J. Vance, to recover the possession of certain described out-lots in the city of Indianapolis. Appellees severed in their defence, and each of them separately answered specially, in a single paragraph, disclaiming title as to part of the real estate sued for, and setting up a defence as to the residue thereof; and they separately filed cross complaints, wherein each of them sought to have the title quieted to so much of the real estate described in the complaint as each of them claimed to own.

Appellants replied specially, in a single paragraph, to appellees' answers, and they answered specially, in a single paragraph, the appellees' cross complaints. Appellees' separate demurrers to appellants' reply and answer to the cross complaints were sustained by the court. Appellants excepted to these rulings, and, declining to amend or plead further, judgment was rendered that they take nothing by their suit, and that appellees recover of them their costs in this action expended. On appeal to the general term the judgment of the court at special term was in all things affirmed, and from the judgment of general term this appeal is now here prosecuted.

In general term below errors were assigned by appellants which call in question (1) the overruling of their demurrer to appellees' separate answers, (2) the sustaining of appellees' demurrers to appellants' reply to appellees' answers, and (3) the rendition of judgment in favor of appellees upon the pleadings herein.

These alleged errors appellants have properly presented here for our consideration. We will consider and decide the several questions presented by these alleged errors in the order of their assignment.

1. In the separate answer of appellee Mary J. Vance, to the complaint herein, she first disclaimed title to or possession of part of the real estate described in such complaint, and as to the residue of such real estate she admitted that she was in possession thereof claiming title thereto, and she

alleged that appellants were claiming title thereto and pos-session thereof by reason of the fact that one Noah Noble was formerly the owner and seized thereof at the time of his death, and made disposition thereof by his last will and testament, as would more fully appear thereafter; that the plaintiff Winston P. Noble was the son of said Noah Noble, deceased, and a legatee named in said will, and the other plaintiffs herein were the heirs at law of Catharine M. L. Davidson, the daughter of said Noah Noble, and a legatee named in said will, who died intestate, and the plaintiff Noble was the son, and the other plaintiffs were the grandchildren of Catharine S. Noble, the widow of said Noah Noble, deceased, and a legatee named in his said will, a copy of which will was filed with and made part of such answer. And appellee Vance further said that plaintiffs had not, either of them, nor did they either of them claim to have, any right, title or interest in said property, beyond what was conferred in and by said ownership and will of said Noah Noble, and the relationship of said plaintiffs to said Noble and said will, as above set forth, but, she said that the plaintiffs ought not to be allowed to claim title to said premises, or any part thereof, or to have possession of the whole or any part of such prem-ises, for the reason that, after said Winston P. Noble had arrived at the full age of twenty-one years, he and his wife by warranty deed conveyed and warranted to one Hervey Bates (through whom appellee Vance claimed title), the real estate in controversy as to which she defended this suit; whereby said Winston P. Noble was estopped to say he retained any interest in such real estate; and that in like manner, plaintiff Dorman N. Davidson, before he arrived at the age of twenty-one years, executed his warranty deed convey-ing to said Hervey Bates (through whom appellee Vance claimed title), the real estate aforesaid, which deed the said Dorman did not, at any time within fifteen years of his arri-val at full age, disaffirm, but, on the contrary, on October 20th, 1862, after his arrival at lawful age, he fully ratified

and confirmed the same, the said Catharine M. L. Davidson having theretofore died, intestate, leaving surviving her Alexander H. Davidson, her husband, and the plaintiffs herein, other than Winston P. Noble, her children, as her heirs at law; by reason whereof, plaintiff Dorman N. Davidson was estopped to say that he retained any interest whatever in such real estate; and that in like manner, after the death of said Catharine M. L. Davidson, her husband, Alexander H. Davidson, executed his warranty deed conveying to said Hervey Bates (through whom appellee Vance claimed title), the aforesaid real estate, by means whereof the plaintiffs herein were estopped to say that they acquired any interest in such real estate, by reason of their relationship to said Alexander H. Davidson.

And appellee Vance further averred that theretofore, on April 14th, 1853, one John L. Ketcham was duly appointed by the proper probate court of Marion county, and duly qualified as such, guardian of the estate of said Winston P. Noble, and gave bond for the faithful performance by him of his duties as such guardian, and entered upon the duties of his trust; that afterwards said Catharine M. L. Davidson departed this life, and said Alexander H. Davidson was thereupon, on the —— day of ——, 185—, by the court of common pleas of Marion county, duly appointed guardian of the estates of the plaintiffs, Dorman N., Preston A., Noah N., Susan L. and Catharine A. Davidson, said Catharine A. having since intermarried with one Frank Miller, and being the Catharine A. Miller named in the complaint herein, and all of said wards and said Alexander H. Davidson being the only heirs of said Catharine M. L. Davidson, the devisee in said will mentioned; that afterwards, on July 25th, 1854, John L. Ketcham, guardian of Winston P. Noble, and Alexander H. Davidson, guardian of the plaintiffs herein other than said Noble, filed their joint petition in such court of common pleas for the sale of real estate, setting forth therein, among other things, that their wards had no

personal estate whatever, that such wards were tenants in common of said real estate, and that the sale thereof was necessary for the support and education of said wards, and for the enhancement in value of the remainder of said property; that, upon such petition, the court ordered the sale of such real estate, and appointed John L. Ketcham a commissioner to make such sale, who thereupon qualified and gave bond for the faithful performance of the duties of his trust; and that said Catharine S. Noble, widow of Noah Noble, deceased, consented in writing to such order of sale.

And appellee Vance further averred that the real estate in controversy, as to which she defends this suit, was duly appraised under said order of sale at $2,500 for each out-lot; that afterwards said commissioner duly sold such real estate to said Hervey Bates for the sum of $10,250, being $2,750 in excess of the appraised value of each out-lot, which sale was duly reported by said commissioner to such court of common pleas, on October 19th, 1857, and was then and there approved and confirmed by such court; that, thereupon, said commissioner executed his deed conveying to said Hervey Bates all the right, title and interest of the said minor heirs of said Catharine M. L. Davidson, deceased, in and to such real estate, said Winston P. Noble having theretofore arrived at the full age of twenty-one years; that, thereupon, on October 20th, 1857, and more than five years before the commencement of this suit, said Hervey Bates entered upon and took possession of such real estate, and continued in the quiet and peaceable possession thereof, such possession being adverse to the claim of plaintiffs herein, said Hervey Bates claiming title thereto and the lawful ownership thereof, for more than eighteen years, or until his death in 1876, testate, devising his real estate to this appellee, Mary J. Vance, and her co-appellee, Hervey Bates, as tenants in common; that afterwards, in 1876, the appellees, Vance and Bates, by mutual agreement between themselves, made partition of the real estate so devised to them, and appellee Bates conveyed

to appellee Mary J. Vance, all his interest in the out-lots described in her answer herein.

And appellee Vance averred that at all times subsequent to October 19th, 1857, until his death, said Hervey Bates continued in possession of the premises aforesaid, claiming to be the owner thereof by virtue of said deeds from said Winston P. Noble, Dorman N. and Alexander H. Davidson, and from said Ketcham, commissioner as aforesaid ; and the plaintiffs herein did not, within five years after said sale, nor within five years subsequent to their arrival at the full age of twenty-one years, nor within twenty years from said Winston P. Noble's arrival at the full age of twenty-one years, institute their action for the possession of said real estate. Wherefore appellee Vance said that plaintiffs herein were not entitled to the possession of said real estate, and she prayed judgment for her costs, etc.

The answer of appellee Bates herein differs from the answer of appellee Vance, the substance of which we have given, chiefly in this, that he disclaimed as to those out-lots, described in appellants' complaint herein, which Mrs. Vance claimed to own in her answer, and he asserted title in himself to the other out-lots sued for, as to which Mrs. Vance filed her disclaimer herein.

The two answers stated, substantially, the same defence to appellants' action, and must stand or fall together.

Appellants' demurrer to these separate answers was overruled by the court at special term, and this ruling constitutes the first supposed error of which complaint is here made by their counsel.

Before considering any of the questions presented and discussed by appellants' learned counsel under this alleged error, we note the fact shown by the record that, on the 5th day of December, 1878, and before final judgment was rendered herein in appellees' favor, on May 8th, 1882, by the court below at special term, Winston P. Noble and Dorman N. Davidson, two of the original plaintiffs herein, dismissed

this action as to themselves, but without prejudice to the rights of their co-plaintiffs, or either of them, in or to the real estate in controversy.

The out-lots in controversy in this action, to wit, out-lots adjoining the town (now city) of Indianapolis, numbered 67, 68 and 69, were owned by Noah Noble, at one time Governor of this State, at and before his death in February, 1844. Noah Noble died testate, leaving surviving him his widow, Catharine S. Noble, and Catharine Davidson and Winston P. Noble, his only children and heirs at law. The last will of Noah Noble, deceased, was dated February 7th, 1844, and was duly admitted to probate by and before the clerk of the probate court of Marion county, on the 2d day of April, 1844. This will was the subject of controversy, and its provisions, which affect the title to the real estate in controversy in the cause now before us, were carefully examined and considered by this court in *Davidson* v. *Koehler,* 76 Ind. 398. All the appellants in the suit now pending were appellants in and parties to the case cited. In the opinion of the court, in that case, all the provisions of the last will of Noah Noble, deceased, which have any bearing upon the title to the real estate now in controversy, are set forth at length, commencing on page 402 of 76 Ind., and we refer to those testamentary provisions, found on that and subsequent pages, as a part of this opinion, without setting them out herein.

It will be seen from the *second* item of such last will, that the out-lots numbered 67, 68 and 69, in controversy in the suit now pending, together with other parcels of real estate there mentioned, are therein described by the testator, in effect, as constituting " my home farm ; " and by and under that name, all such parcels of real estate, including the out-lots now in controversy, were disposed of by such testator in his last will.

In *Davidson* v. *Koehler, supra,* one of the questions presented for our decision (and the same question arises in the case in hand) was this : Under such last will, what was the

nature and extent of the estate which the testator's children and devisees, Winston P. Noble and Mrs. Catharine Davidson, took in such "home farm," subject to the estate of the testator's widow, Mrs. Catharine S. Noble therein? On behalf of appellants, it was then contended that, at the death of the testator, the interest taken by his two children aforesaid in the "home farm," under his last will, was an executory devise or contingent remainder; while it was then earnestly insisted for and on behalf of appellees, that the interest so taken by the testator's two children in the "home farm," under his last will, was a vested remainder.

Upon full consideration of the question stated, in the case last cited, we then held that, at the death of the testator, the estate taken by his two children aforesaid in the "home farm," under his last will, was a vested remainder. In the case under consideration, in discussing the alleged error of the court at special term, in overruling appellants' demurrer to the separate answers of appellees herein, the only point made by appellants' learned counsel in his brief of this cause, is thus stated: "We earnestly insist that the decision of this court in *Davidson* v. *Koehler, supra,* that the remainder created by the will of Governor Noble was vested, is erroneous." Upon this point we do not agree with appellants' counsel. We are of opinion that, in the case referred to, we gave a correct construction to the devise by Governor Noble of his "home farm," in his last will, and we adhere to that construction, tenaciously and without doubt, in the cause we are now considering. The law is said to favor the vesting of estates, and a remainder will never be held to be contingent where, as in this case, it can be held to be vested, consistently and in harmony with the apparent intention of the testator. *Harris* v. *Carpenter*, 109 Ind. 540, and authorities cited. See, also, *Bailey* v. *Sanger*, 108 Ind. 264.

This point being settled adversely to appellants, namely, that their mother, Mrs. Catharine Davidson, under whom they claimed title to the out-lots in controversy herein, took

a vested remainder in the " home farm " of her father, Governor Noble, at his death under his last will, it is very clear, we think, that no error was committed by the court below at special term in overruling appellants' demurrer to the separate answers of appellees herein.

Mrs. Catharine Davidson died, intestate, in March, 1857, leaving surviving her, as her heirs at law, Alexander H. Davidson, her husband, and the appellants, and Dorman N. Davidson, an original plaintiff herein, as her only children. When Mrs. Davidson died all of her children were infants, under the age of twenty-one years, and their father, Alexander H. Davidson, was duly appointed and qualified as guardian of their persons and estates. Afterwards, on the petition of such guardian, an order was made by the court of common pleas of Marion county, which court had jurisdiction of the subject-matter of such petition and of the persons of the parties thereto, for the sale of the real estate in controversy as the real estate of his said wards ; and John L. Ketcham was appointed by such court a commissioner to make such sale, who qualified and gave bond for the faithful performance of the duties of his trust as such commissioner. Afterwards Commissioner Ketcham sold the out-lots now in controversy to Hervey Bates, Sr., for more than the full appraised value thereof, and reported such sale to the proper court on October 19th, 1857, and such sale was then and there approved and confirmed by such court ; and thereupon Commissioner Ketcham executed his deed conveying to said Hervey Bates all the right, title and interest of the then minor heirs of Mrs. Catharine Davidson, deceased, in the out-lots now in controversy. On October 20th, 1857, Hervey Bates, Sr., took possession of such out-lots, and continued in the quiet and peaceable possession thereof, claiming title and possession adverse to any claim of appellants thereto, until his death, in 1876, testate, devising such real estate to appellees, as tenants in common.

It was averred that appellants did not, within five years

after such sale, nor within five years subsequent to their arrival at the full age of twenty-one years, institute their action to recover the possession of the real estate in controversy herein.

The facts stated by appellees, in their separate answers herein, were amply sufficient to withstand appellants' demurrer thereto. These answers were filed below on the 7th day of February, 1878, and at that time the civil code of 1852 was still in full force. It is manifest that appellees set up in their respective answers the limitation provided in the *fourth* clause of section 211 of the civil code of 1852, which required that actions "for the recovery of real property sold by * * guardians or commissioners of a court," etc., should be commenced "within five years after the sale is confirmed." This section and the *fourth* clause thereof were re-enacted as section 38 of the civil code of 1881, and this latter section is known as section 293, R. S. 1881.

Under the averments of appellees' answers herein, the five years statute of limitations commenced to run against appellants' cause of action, stated in their complaint in this case, on the 19th day of October, 1857, on which day the sale by Commissioner Ketcham of the real estate in controversy herein was confirmed by the proper court. This was so, under our decisions, notwithstanding the fact apparent in this case that, at the time of the confirmation of the sale of such real estate by the proper court, each and all of such appellants were, and, for some years thereafter, continued to be infants, under the age of twenty-one years. Under our statute (section 215 of the civil code of 1852, and section 296, R. S. 1881), and our decisions construing the statute, the only effect of appellants' disability of infancy was to give each of them, if the full limitation had run during his or her infancy, two years after the disability was removed within which he or she might sue. *Wright* v. *Kleyla,* 104 Ind. 223; *Walker* v. *Hill, ante,* p. 223.

Appellants' demurrer to the separate answers of appellees herein was correctly overruled.

The only other error discussed by appellants' counsel, in his brief of this cause, is the sustaining of appellees' demurrers to appellants' reply to the separate answers of appellees herein. In their reply to such answers appellants alleged, among other things, that their guardian, Alexander H. Davidson, in procuring the order of the court of common pleas for the sale of the real estate in controversy, under which order appellees claimed title, never gave the additional bond required by the statute, " in double the appraised value of such real estate, with condition for the faithful discharge of his duties and the faithful payment and accounting for of all moneys arising from such sale, according to law ; " and that the proceeds of the sale of such real estate were never accounted for by their said guardian. Upon these averments of the reply, admitted to be true as the case is now presented, it is earnestly insisted that it was error to sustain the demurrer to such reply. The utmost that can be said, however, of the effect of the guardian's failure to file such additional bond, is that such failure rendered the sale of such real estate void, or, rather, that for such failure the sale might have been " avoided," in a direct suit or proceeding brought for that purpose, within the proper time. Section 538 of civil code of 1852 ; section 2364, R. S. 1881 ; *McKeever* v. *Ball,* 71 Ind. 398.

In their reply, in the case at bar, appellants collaterally attack the sale of the real estate to Hervey Bates, Sr., made under an order of the court having jurisdiction of the subject-matter and of the parties. The case of *McKeever* v. *Ball, supra,* cited and relied upon by appellants' counsel, lends no support whatever to the sufficiency of the reply in this case. For the case cited was a direct attack upon the validity of a guardian's sale of real estate, for the want of an additional bond; and, in that case, the statute of limita-

tions was not set up in aid of the validity of the sale, and in bar of the suit to avoid such sale, as it was in the case we are now considering. We are of opinion that the facts stated in appellants' reply herein were not sufficient to avoid the defence of the statute of limitations, pleaded by appellees in bar of appellants' cause of action, and that the demurrer to such reply was correctly sustained.

Under the averments of appellees' answers, the cause of action stated in the complaint herein was fully barred by the statute · of limitations there pleaded, long before the commencement of this suit. This is so, under our decisions, even if it be conceded that, upon the facts stated in appellants' reply herein, the commissioner's sale and conveyance of the real estate in controversy were absolutely void. *Hatfield* v. *Jackson*, 50 Ind. 507 ; *Brown* v. *Maher*, 68 Ind. 14 ; *Ray* v. *Detchon*, 79 Ind. 56 ; *Second Nat'l Bank, etc.*, v. *Corey*, 94 Ind. 457 ; *Wright* v. *Wright*, 97 Ind. 444 ; *Walker* v. *Hill*, *supra*.

The record of this cause discloses no error therein which authorizes or requires a reversal of the judgment.

The judgment is affirmed, with costs.

ELLIOTT, J., took no part whatever in the consideration or decision of this cause.

Filed June 30, 1887.