Marquis *et al. v.* Davis.

Filed Jan. 28, 1888.

———◆———

No. 13,038.

·MARQUIS ET AL. *v.* DAVIS.

GUARDIAN AND WARD.—*Sale of Real Estate.—Jurisdiction.—Protection of Purchaser.*—Where a court has acquired jurisdiction to make an order for the sale of real estate by a guardian, a purchaser at such sale, who has paid his money in good faith, will be protected, he, in such case, not being bound to look behind the judgment.

SAME.—*Conversion by Guardian.—Avoiding Sale.—Additional Bond.*—Where a guardian, in a proceeding by him to sell his ward's real estate, files an additional bond, which is approved by the court, and a sale is ordered and made, the ward can not, upon a failure of the guardian to account for the proceeds, avoid the sale and recover the land from the purchaser, even though the latter knew that the surety in the bond was in failing circumstances.

SAME.—*Sufficiency of Additional Bond.—Number of Sureties.—Judgment.*—Although section 2532, R. S. 1881, requires a guardian, upon filing a petition to sell real estate, to execute a bond, "with sufficient freehold sureties," it seems that such a bond may be sufficient with one surety only; but however this may be, the presentation of a bond with one surety invokes the judgment of the court upon its sufficiency, and that judgment will be held conclusive in favor of a purchaser who paid his money in reliance thereon.

From the Tippecanoe Circuit Court.

*B. W. Langdon, T. F. Gaylord, T. B. Miller, W. D. Mote* and *G. W. Ball,* for appellants.

*G. P. Haywood* and *F. B. Everett,* for appellee.

MITCHELL, C. J.—On the 22d day of May, 1869, James G. Currie was duly appointed and qualified as guardian of the persons and estates of the minor heirs of Lafayette D. Marquis. Upon due petition, as such guardian, he obtained an order from the common pleas court of Tippecanoe county to sell certain real estate belonging to his wards, for the alleged purpose of discharging liens then existing thereon. The sale was ordered upon the filing of an additional bond, with one Cornelius Morris as the sole surety thereon, and the land was duly sold on the 26th day of February, 1870, to Charles E. Davis, the present appellee, for $2,350. Davis paid the purchase-price and received a conveyance in due course.

The guardian converted about $1,800 of the money realized from the sale to his own use. Both the guardian and the surety on his additional bond were insolvent at the time the sale was made, and have so continued ever since. The purchaser knew, at the time the sale was made, that the additional bond was signed by one surety only, and that he was in failing circumstances.

This proceeding was commenced in 1885, by and on behalf of the heirs of Lafayette D. Marquis, to avoid the guardian's sale, and to recover the land from the purchaser, on the ground that the additional bond was in effect no bond at all, because it was signed by one surety only. Hence, it is argued, the guardian neither gave bond as required by law, nor accounted for the proceeds of the sale, and, therefore, the court below was in error in not avoiding the guardian's sale.

Section 2532, R. S. 1881, in force at the time the sale in question was made, required of guardians, after filing a petition to the court for an order to sell real estate belonging to their wards, upon the return of the appraisement thereof, to execute a bond, with *sufficient freehold sureties*, payable to the State of Indiana, conditioned for the faithful discharge of the duties of their trust.

The section following provides that, upon such bond being filed and approved by the court, an order for the sale of the real estate may be made, etc.

In case a guardian sells real estate in pursuance of an order of court and fails to give an additional bond, according to the requirements of the statutes above referred to, and yet faithfully accounts for the proceeds of the sale, the rulings seem to be that the heirs have no equity upon which to invoke the aid of a court to set aside the sale *Foster* v. *Birch*, 14 Ind. 445; *Dequindre* v. *Williams*, 31 Ind. 444.

It has also been held, where a guardian had made sale of his wards' real estate, pursuant to an order of court, but without giving an additional bond as required by law, and without afterwards accounting for the proceeds of the sale, that the title and interest of the wards are not divested by such a sale, and that in such a case wards who receive no part of the proceeds are not estopped from asserting their right to the property thus sold. *McKeever* v. *Ball*, 71 Ind. 398.

The filing of an additional bond, according to the holding in the above case, is a necessary step to give the court complete jurisdiction to make the order of sale. Even such a sale can not be avoided except in a direct proceeding seasonably brought to set it aside. *Davidson* v. *Bates*, 111 Ind. 391.

In the present case it is, of course, conceded that a bond was filed, but it is insisted that, because it was accepted with but one surety thereon, it was not a bond with sufficient freehold *sureties*, as contemplated by the statute, and that the case is hence within the principle which ruled *McKeever* v. *Ball*, *supra*, and that the sale should have been set aside.

We do not concur in this view. Conceding that the filing of an additional bond is necessary in order to confer complete jurisdiction over the subject-matter, so as to authorize the court to make the order of sale, it does not follow, in case a bond is actually filed and approved, and an order is thereupon made, in pursuance of which real estate is bought and paid for by a purchaser at a sale so ordered, that the sale will

be set aside, even though the court may have committed an error in accepting and approving an insufficient bond, and notwithstanding the guardian may have failed to account for the proceeds of the sale. If it were true that the statute required two sureties, instead of one, on the additional bond of a guardian or administrator—a proposition hardly sustainable (*Schneck* v. *Cobb*, 107 Ind. 439)—the presentation of a bond with but one surety thereon invoked the judgment of the court as to whether the bond was such as the statute required. The court had the power to pass upon that question. That power gave it jurisdiction over the subject, and whether it decided right or wrong, the court had jurisdiction to decide, none the less. All that a purchaser who has paid his money is bound to do in such a case is to see that the court acquired jurisdiction to make the order. When he ascertains that jurisdiction was complete, he is not bound to look behind the judgment. *Anderson* v. *Wilson*, 100 Ind. 402.

It is necessary that there should have been a petition, and that an additional bond should have been filed and approved. The rule is universal, that if some kind of a petition be filed, and some kind of notice given, where notice is required, if the petition and notice are acted upon by the court, and a judgment given, such a judgment can not be avoided or set aside as void. *Sims* v. *Gay*, 109 Ind. 501, and cases cited; *Lantz* v. *Maffett*, 102 Ind. 23; *McKeever* v. *Ball*, *supra*; *Davidson* v. *Koehler*, 76 Ind. 398 (421).

Some of the cases go much further to uphold the jurisdiction of probate courts than we find it necessary to go in this case. *Watts* v. *Cook*, 24 Kans. 278.

In the present case there was an attempt to file a bond, in compliance with the statute, and the court decided the bond sufficient. *Peters* v. *Griffee*, 108 Ind. 121. The court having decided that the bond was sufficient at the time it made the order of sale, it must be held sufficient for the purposes of this case in favor of the appellee, who paid his money pre-

sumably in reliance upon the judgment of the court. *Schneck* v. *Cobb, supra ; Davidson* v. *Bates, supra.*

The fact that the purchaser knew that there was but one surety on the bond, and that he was in failing circumstances, does not affect the question. He had a right, nevertheless, to rely upon the order and judgment of the court after having first seen that it acquired complete jurisdiction in the premises.

There was no error. The judgment is affirmed, with costs.

