Sample *et al. v.* Carroll *et al.*

## No. 15,966.

## SAMPLE ET AL. *v.* CARROLL ET AL.

DRAINAGE.—*Public Ditch.*—*Motion to Dismiss Petition.*—*How Made Part of Record.*—Motions to dismiss the petition for the establishment and construction of a public ditch are collateral motions, and can only be made part of the record by a special order of court or by a bill of exceptions.

SAME.—*Practicability of Route.*—*Matter of Discretion.*—*Appeal.*—*Selection of Line of Former Ditch.*—The question of the practicability of a route to be selected for a ditch is one of discretion. The exercise of the discretion is vested in the inferior tribunal or its officers, and can not be reviewed on appeal, unless there is an abuse of discretion. The selection of the line of a former ditch is not such an abuse.

SAME.—*Description of Lands.*—Where the descriptions of the tracts involved in the proceedings to construct a ditch are copied as the statute requires, from the tax duplicate, the descriptions will, *prima facie*, at least, sustain an assessment for benefits accruing from the construction of the ditch.

SAME.—*Imperfect Description of Lands.*—*Objection Must be Specific.*—*Signing Christian Names by Initials.*—If land is described, although imperfectly, a remonstrator who seeks to defeat an assessment must make a timely and specific objection in the trial court. The fact that three of the twelve petitioners signed their Christian names by initials only will not defeat the assessments.

SAME.—*Sufficiency of Bond.*—Where there is a bond sufficient in form and substance, signed by solvent obligors, affording ample security, and taken and approved by the auditor, the proceedings will not be dismissed.

From the Boone Circuit Court.

*H. J. Carson* and *J. W. Wiley,* for appellants.

*T. W. Lockhart* and *S. R. Artman,* for appellees.

ELLIOTT, J.—The appellees petitioned the board of commissioners for the establishment and construction of a public ditch. The appellants filed what counsel denominate a remonstrance in the commissioners' court, but that court, holding their remonstrance or motion bad, decided against them, and they appealed to the circuit court. In the circuit court the appellants filed papers which their counsel designate as

remonstrances, but which the appellees' counsel contend were collateral motions. The theory of the appellees is that as the papers were collateral motions they are not in the record because not embodied in a bill of exceptions. The first question, therefore, is whether the record is so made up as to present the questions argued by the counsel of the appellants.

It is established law that collateral motions are not part of the record unless made so by a special order of court or brought in by a bill of exceptions. *Ohio, etc., R. R. Co.* v. *McDaneld*, 5 Ind. App. 108. See, also, authorities cited in Elliott's Appellate Procedure, sections 190, 191 (814.) A special order is one made directly by the court, and is much more than a statement by the clerk or the mere transcription of an entry of the filing. As is *ex vi termini* implied in the language employed in the code, the order must be made by the court and must be specific. There is no special order in the record, so that there are no papers incorporated in it by that mode. The ruling on the papers was, of course, made during the formation of the issues, and such a ruling is not included in a general order allowing time for filing a bill of exceptions upon the ruling denying a motion for a new trial. See authorities cited in Elliott's Appellate Procedure, section 813. Neither the papers filed in making up the issues, nor the rulings thereon, are in the record by a bill of exceptions, inasmuch as time was taken in which to file the bill upon the ruling denying a new trial. The order granted leave beyond the term, and did not even assume to include rulings made in the formation of the issues.

If the papers and rulings, upon which the appellants' claim to a reversal is based, are in the record, it is because the papers are part of the pleadings and, as such, are parts of the intrinsic record. Whether they are direct motions or such pleadings as form part of the record proper must be determined from their general tenor and scope. We can not find

in the parts of the record indicated by appellants' counsel any direct motion or pleading noted as filed in the circuit court which can be regarded as part of the record proper. The auditor certified to that court two motions to dismiss, but such motions are collateral ones, and we can not consider them as part of the record. See authorities cited in Elliott's Appellate Procedure, section 814, n. 2. What we have said certainly disposes of the specifications based upon the rulings on the motions to dismiss, and probably of all the specifications, inasmuch as they all refer to motions to dismiss. As there is, however, some confusion in the record, and some uncertainty as to the character of one of the papers, we shall not apply a strict rule, but will consider the principal questions arising upon what appellants denominate the "third remonstrance or motion to dismiss." Assuming, but by no means deciding, that the paper referred to is a remonstrance and part of the record proper, we dispose of the first point presented by saying: The question of the practicability of a route to be selected for a ditch is one of discretion; the exercise of the discretion vested in the inferior tribunal or its officers can not be reviewed on appeal, and the selection of the line of a former ditch is not an abuse of discretion. *Anderson* v. *Baker*, 98 Ind. 587; *Weaver* v. *Templin*, 113 Ind. 298; *Amoss* v. *Lassell*, 122 Ind. 36; *Zigler* v. *Menges*, 121 Ind. 99 (107), and cases cited. See, also, authorities cited in Elliott Roads and Streets, 276, 664.

In *Meranda* v. *Spurlin*, 100 Ind. 380, the question as to the right to construct a ditch along and upon an old ditch was directly presented and expressly decided adversely to the appellants in a very clear and strong opinion written by Zollars, C. J.

The second point presented we dispose of by adjudging that where the descriptions of the tracts of land involved in the proceedings are copied, as the statute requires, from the tax duplicate, the descriptions will, *prima facie*, at least, sustain an assessment for benefits accruing from the con-

struction of the ditch. *Carr* v. *State, etc.,* 103 Ind. 548; *Zigler* v. *Menges, supra.* If land is described, although imperfectly, a remonstrator who seeks to defeat an assessment must make a timely and specific objection in the trial court. A vague, general objection is insufficient. *Meranda* v. *Spurlin, supra; Osborn* v. *Sutton,* 108 Ind. 443.

The fact that three of the twelve petitioners signed their Christian names by initials only does not entitle the appellants to defeat the assessments.

The appellants seek to profit by the fact (which, as they assert, the record shows) that the obligors in the bond filed with the auditor are all petitioners. We regard it as clear that the remonstrance can not be given such a protean form as to make it perform the dual functions of a remonstrance and a motion to dismiss. If it be granted that the failure to file a bond with sureties is sufficient cause for dismissal in a case where there is a bond signed by the petitioners and approved by the auditor, still, there is no adequate reason for a reversal in this instance, inasmuch as the question is not properly presented. But the authorities warrant the conclusion that where there is a bond sufficient in form and substance, signed by solvent obligors and affording ample security, and taken and approved by the auditor, the proceedings will not be dismissed. *Schneck* v. *Cobb,* 107 Ind. 439.

We have given the appellants the benefit of all inferences, and in so doing have, perhaps, departed from the general rule, but even thus liberally treating their appeal, we find no valid reason for sustaining it.

Judment affirmed.

Filed Nov. 1, 1892.