## HENRY, RECEIVER v. SWAILES.

[No. 8,328. Filed May 15, 1914. Rehearing denied October 15, 1914. Transfer denied November 17, 1914.]

1. RECEIVERS.—*Actions Against.*—*Permission to Sue.*—*Complaint.*— A complaint against a receiver is insufficient on demurrer in the absence of an averment that the plaintiff has obtained permission of the court to sue. p. 219.

2. RECEIVERS.—*Actions Against.*—*Complaint.*—*Failure to Aver Permission to Sue.*—*Waiver.*—The objection that the complaint in an action against a receiver does not contain the statement that plaintiff has obtained permission to sue, is waived where the sufficiency of the complaint is not attacked by demurrer and is not questioned until after verdict. p. 219.

3. CARRIERS.—*Injuries to Passengers.*—*Negligence.*—*Verdict.*—*Answers to Interrogatories.*—In a passenger's action for injuries sustained on alighting from defendant's car, where the negligence charged consisted in leaving an excavation in the highway be-

tween defendant's tracks, without lights or guards, and in failing to warn plaintiff, answers to interrogatories showing that plaintiff boarded the car early in the evening within a few feet of the place where she was hurt, that a lighted lantern had been placed at each end of the excavation, which was about 45 feet long, but not showing that such lanterns illuminated the excavation so that plaintiff could see it when she alighted, or that she had any opportunity to see it when she boarded the car, were not sufficient to overcome a general verdict for plaintiff. p. 220.

4. CARRIERS.—*Injuries to Passengers.—Evidence.—Sufficiency.*—In an action for injuries sustained by plaintiff on alighting from defendant's car, by falling in an unguarded excavation between its tracks, evidence, though showing that a lighted lantern was placed at each end of the excavation, was sufficient to sustain a verdict for plaintiff, where it further showed that such lanterns were ordinary white lanterns, that they were dirty and smoked and gave very little light at the place where plaintiff fell, that the excavation had no guards or barricades, and that plaintiff, who alighted in the nighttime, was given no warning of any kind of the presence of such excavation. p. 221.

From Marion Circuit Court (19,337); *Charles Remster,* Judge.

Action by Emma J. Swailes against Charles L. Henry, receiver for the Indianapolis and Cincinnati Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elam & Fesler* and *Claude Cambern,* for appellant.
*Wymond J. Beckett,* for appellee.

IBACH, J.—The complaint in this case was not attacked by demurrer, but it is assigned in this court as error that it does not state facts sufficient to constitute a cause of action. Appellant urges the insufficiency of the complaint for the reason that there is no averment that permission of the court to sue appellant as receiver had been obtained. Several cases are cited to the effect that a complaint against a receiver is not good against demurrer unless it contains a statement that the plaintiff had obtained permission of the court to sue. This rule seems well established. *Malott* v. *State, ex rel.* (1902),

158 Ind. 678, 64 N. E. 458. However, in the case of *Elkhart Car Works Co.* v. *Ellis* (1888), 113 Ind. 215, 15 N. E. 251, it is held specifically that where the sufficiency of a complaint against a receiver is questioned after the verdict, and it has not been first attacked by demurrer, it is too late to urge that it does not allege a permission to sue. This holding has never been overruled, or modified, and seems to us proper and just. When the receiver appears in court and defends the action, and makes no objection in the trial court that permission to sue was not first obtained, he has submitted to the jurisdiction of the court, and he has thereafter no right to object. See, also, *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 95 N. E. 275.

The action is against appellant, a common carrier of passengers, for damages for personal injuries sustained when appellee, a passenger on one of appellant's interurban cars, after alighting from said car at appellant's station at the town of Acton, Indiana, fell into an excavation between appellant's tracks in the public highway of Washington Street in said town.

The negligence charged consists in appellant's leaving said excavation in said highway without guards, barriers, or lights to warn its passengers who alighted from its car at said point of the dangerous condition of said excavation, and in failing to warn or notify appellee of said dangerous excavation.

The answers to interrogatories show that appellee was injured about 11:30 o'clock p. m. April 12, 1910, after alighting from one of appellant's cars in the town of Acton, that the excavation into which she fell was about forty-five feet long, that a lighted lantern was placed on the north and one on the south side of the excavation about 5:15 o'clock in the afternoon prior to the accident, and these lanterns were removed still burning about 7 o'clock the following morning; that appellee had taken a car at 7 o'clock the same evening within a few feet of the place where she

was hurt. It is urged that these answers are sufficient to overthrow the general verdict, and show that appellant was not negligent, and appellee was guilty of contributory negligence. The answers further disclose that the excavation was near to, and extended within a foot of the west wall of a storeroom used by appellant as its station at Acton, that Washington Street ran east and west, and the excavation extended some forty or fifty feet west of the station, that the excavation had been made for the purpose of putting cinders under the crossties, that appellee alighted from the rear end of a west bound car on the north side, and that she was not familiar with conditions about the station at that time. There is no finding that any guards of any kind were about the excavation, or that the lanterns stationed on either side illuminated it to any extent, so that appellee when alighting could see the excavation, or that she had an opportunity to see the excavation when she boarded the car within a few feet from where she was hurt. We find no conflict between the answers to interrogatories and the general verdict. Any and all apparent conflict is easily removable by evidence admissible under the issues.

The evidence shows that the lanterns in question were ordinary white lanterns, not red lights, that they were dirty and smoked and gave very little if any light at the place where appellee was injured, that they were situated thirty or forty feet from said place, that there were no guards or barricades of any kind about the excavation, that appellee was given no warning of any kind of the presence of the excavation, and that when she and her husband alighted from the car and started across the street and the tracks on their usual route to their home, she fell and was severely injured. Several witnesses testify to having stumbled and fallen in the same excavation the same evening. The evidence clearly is sufficient to support the jury's finding that appellant was negligent, and appellee

was not guilty of contributory negligence, which is the effect of the general verdict for appellee.

The court did not err in overruling appellant's motion for judgment on the answers to interrogatories, nor in overruling its motion for new trial based on the insufficiency of the evidence to sustain the verdict. Judgment affirmed.

NOTE.—Reported in 105 N. E. 162. As to the rights and duties of passengers in alighting from trains, see 50 Am. Rep. 277. As to the duty of street railways to provide a safe place for boarding and alighting from cars, see 1 Ann. Cas. 916; 9 Ann. Cas. 854. See, also, under (1, 2) 34 Cyc. 439; (3) 38 Cyc. 1927; (4) 6 Cyc. 1915 Ann. 632–New.