## HOLTAM v. SACHS.

[No. 19,726. Filed October 28, 1963. Rehearing denied
December 2, 1963. Transfer denied June 18, 1964.]

*James E. Rocap, Jr., James E. Rocap, Sr.,* of counsel, *Rocap, Rocap & Reese,* of counsel, of Indianapolis, for appellant.

*Gilbert Butler,* of Martinsville, *Daily & Daily* and *Wilson S. Daily,* of Indianapolis, for appellee.

MOTE, C. J.—Appellee recovered a damage judgment of fifteen thousand ($15,000.00) dollars on a jury verdict for personal injuries sustained by her in falling down a basement stair of the premises which she was inspecting at the invitation of appellant with the possibility of renting as a residence from the appellant, the owner thereof. The record indicates that on May 1st, 1956, appellee answered a newspaper advertisement by calling one of the telephone numbers accompanying the advertisement. She was promptly authorized and permitted to inspect the premises located at 906 English Avenue, in the city of Indianapolis, Indiana, and held out in said advertisement to be available for rent.

The issues were presented by appellee's complaint, an answer by appellant in two paragraphs, the first, in denial under Rule 1-3 of the Supreme Court, and the second, which alleged that said appellee was guilty of contributory negligence, thus not entitling her to recover, and a reply in denial to the second paragraph of answer.

The cause was submitted on the issues thus formed, preliminary instructions given to the jury, evidence heard, final instructions to the jury given, and verdict and judgment for appellee, as stated, from which this appeal is brought, after appellant's motion for new trial was overruled.

A careful review and anlysis of the evidence, in addition to what we have heretofore stated, reveals that appellant owned a fairly large building located at 906-908 English Avenue, in the city of Indianapolis, which was divided by a partition wall, thus to make the two sides thereof substantially of the same dimensions and with like facilities and space. Our further description will pertain to the west side of said building, or 906 English Avenue, which is on the north side of the street facing south. There was a commercial room at the front approximating thirty-eight (38) feet by thirty (30) feet, part of which may have been used by a church organization. Appellant owned the building immediately to the west of said 906 English Avenue, and there was a narrow walk way between. To the north of the building in question, and just north of the north wall of said commercial room, there was an entrance to the building opening into a hall which was perhaps four (4) or five (5) feet in length. At the east end of the hall there was a stairway to the second floor. The entrance had a door and immediately inside

thereof and off the hall were two doors, one to the north into certain facilities, and one to the south into the store room. This last mentioned door, on the occasion in question, appears to have been closed, with a small nail bent over a hasp which, in some measure, made the said closed door secure. Appellee turned the nail which held the hasp by using a file about twelve (12) inches long, which she found close by on the floor. She entered the large commercial room, inspected the same, and then entered an opening in the south wall thereof, seeking a stairway to the second floor.

The opening led to a stairway to the basement instead, and appellee fell down the same causing injuries for which she sought damages in this action. The basement stairway was immediately to the left of this opening and it was dark enough that appellee was unable to see as she entered the said opening. The said basement stairway appears to have been located under a stairway to the second floor which was observed by appellee as she entered the premises and from which, according to her testimony, a woman who may have been a Mrs. Elizabeth Duncan. An overseer employed by appellant and who lived in a house owned by him to the rear of the premises described herein, was descending and with whom appellee said she had a conversation, excluded from the evidence.

The evidence further tends to show that after said conversation appellee observed the door to her right, opened it in the manner aforesaid, and sought another stairway to the second floor.

The evidence tends to show also that appellee was informed that there were rooms both upstairs and down available for rent and that the large room into which she entered and from which the dark opening to the

place where she might find a stair to the basement, was just like what had been described to her.

Aside from the hasp held in place by a nail on the door of the hall, as above described, there was considerable evidence introduced concerning the outside door at the entrance on the west side, that is whether it was locked and boarded up, or unlocked. There was much conflicting evidence and appellant, throughout the trial, stoutly maintained that he was not liable to appellee for the reasons: (1) that no invitation had been extended; (2) that if there were such invitation appellee was contributorily negligent; (3) that appellee was a trespasser; and (4) that she was a mere licensee, not a licensee by invitation. In this appeal appellant asserts that if appellee were a licensee by invitation to inspect the premises for the purpose of rental thereof, the said invitation was a limited one and that she was not permitted to go beyond the doors which either were locked, boarded up, or had a hasp thereon and held in place by a small nail, which could be turned by the use of a file.

The only assignment of error is the overruling of said motion for new trial which contained seventeen (17) different specifications, all of which, except specification No. 4 which is deemed to be waived, appellant seeks to assert in this appeal under various groupings.

By his assignment of error No. 1, relying on specifications 11 and 12 of new trial motion, appellant attacks the refusal to give his Instructions No. 10 and No. 10A, which are as follows:

"Instruction No. 10.
I instruct you that if you find from the preponderance of the evidence that plaintiff entered the premises of defendant by his invitation, express or implied, and if you further find that after

entering therein, walked to a door which she found to be closed and fastened by means of a hasp and nail and barred her opening it, and she could not go through the door, and if you further find that she unfastened the door by forcing the nail from and out of the hasp and she thereupon opened the door and entered into an adjoining room, then in said event or events when she entered by force, if you so find, the invitation, express or implied, ceased and terminated and she thereupon became a licensee and she thereafter took the premises as she found them as to any defects or dangers and defendant would not be liable for any injury resulting to her owing to defects in the condition of the premises, and your verdict should be for the defendant.

"Instruction No. 10A.

If you find from a preponderance of the evidence that the defendant did in fact extend an invitation, express or implied, to visit the premises at 906-908 English Avenue, then you may consider whether or not said invitation applied to all of said premises or a part thereof. And if you further find from a preponderance of the evidence that the plaintiff entered any part of the premises to which such invitation, either express or implied, did not extend, then in such event she would not be an invitee on that part of the premises so entered without invitation and the defendant would owe the duty not to wilfully, wantonly or maliciously injure the plaintiff."

Careful consideration of Instruction No. 10 suggests to us that it is mandatory in character and that it would have been error to give it, since the invitation would not necessarily terminate under the circumstances. As to Instruction No. 10A, we think it properly was refused as an invasion of the province of the jury, was not within the issues tendered by the pleadings and the evidence and, like No. 10, does not set forth a completely accurate statement of the law. *Beck* v. *Indianapolis Traction and*

*Terminal Company* (1918), 67 Ind. App. 635, 119 N. E. 528.

Furthermore, appellant tendered, and there were given, a number of instructions which may be said to have correctly informed the jury of the law.

"Instruction No. 2.

"Contributory negligence is the failure of the plaintiff to use reasonable care to avoid injury to herself, which failure if any proximately contributes to cause the injuries for which she seeks to recover.

"Instruction No. 3.

"Under the law of Indiana there are no degrees of negligence. When the circumstances are such as to impose on a person a duty to use care to avoid injury to another person, the law requires nothing more than that he exercise reasonable care, but it will excuse nothing less."

"Instruction No. 5.

"One who is on the property of another without the express or implied invitation, permission, or consent of the owner thereof is a trespasser. The owner of property is under no duty to keep his premises safe for a trespasser. The only duty owed a trespasser by an owner of property is to refrain from wilfully, wantonly, or maliciously injuring her, after discovering her presence on the premises; therefore if you find from a preponderance of the evidence that plaintiff herein was a trespasser, and if further find from a preponderance of the evidence that the defendant did not wilfully, wantonly or maliciously injure the plaintiff, then your verdict should be for the Defendant, Edward B. Holtam."

"Instruction No. 9.

"One who enters the premises of another for her own convenience, curiosity, entertainment, or other purpose with which the owner has no concern, and is there at the permission or sufferance of such owner, but without the express or implied invitation of such owner, is a licensee. Such licensee

takes the premises as she finds them, regarding any defects therein, and the owner is not liable for any injury resulting to the licensee, caused by defects in the condition of the premises; therefore if you find from a preponderance of the evidence herein that Plaintiff was a licensee, your verdict herein should be for the Defendant, Edward B. Holtam."

No evidence has been pointed to which limited the invitation to an inspection of only a part of the premises at 906 English Avenue. On the other hand, this direct answer to a question was made by appellee:

"He told me they had a place south and it was located at 906 English Avenue and I asked him if they would allow children there, that I needed a place badly and he said 'Yes, they would;' and asked me how many children and I told him there were four children and two adults and he said 'Yes, that will be all right,' and he said the place needed fixing up but he said he would partition off rooms so that it would be living quarters and he said there were two rooms upstairs at this place, 906 English Avenue."

Again:

" 'Yes, it is all right to go on over' and I asked him was the place locked and he said 'No.' "

As we consider appellant's position throughout his briefs, namely, that appellant, if he issued an invitation to appellee to inspect the premises for the purpose above set forth, said invitation was limited, we simply are not able to agree thereto. We should think, on the other hand, that anyone seeking a place to rent as a residence would have sufficient interest and curiosity, on inspection thereof, to learn all he could regarding the facilities available and the adaptability thereof to his individual wants and requirements. Hence, with the evidence in such a state as

presented to us, it surely was a question of fact for the jury to determine whether an invitation had been extended to appellee, and if this were done, it seems feasible to conclude that such invitation extended to an inspection of the entire premises.

Our Supreme Court, in *Silvestro* v. *Walz* (1943), 222 Ind. 163, 51 N. E. 2d 629, said:

> " . . . A customer is invited to all parts of the premises that may reasonably be expected to be used in the transaction of the mutual business, those incidental as well as those necessary.
>
> 'Nor would it seem unreasonable to hold that the owner of the premises should anticipate what is usually and customarily done by an invitee within the scope of, and to carry out the purpose of the invitation. See *Ford* v. *Dickinson*, 280 Mo. 206, 217 S. W. 294; *True* v. *Meredith Creamery*, 72 N. H. 154, 55 Atl. 893.' *Loney* v. *Laramie Auto Co.* (1927), 36 Wyo. 339, 255 P. 305, 53 A. L. R. 73, 79."

The tendered instructions under our consideration do not meet the test of propriety and it was not error to refuse to give the same.

Appellant asserts error, Proposition No. 3, in the giving of appellee's tendered instructions numbers 3 and 4, which are as follows:

> "The law provides that whatever a man may do by himself, he may do through agents, employees and servants, and whatever is done by such agents, employees or servants in the course of their employment is deemed to be done by the party himself.
>
> So, if you find by a preponderance of the evidence that the defendant, Edward B. Holtam, either by himself or by his agents and employees inserted an ad in the Indianapolis Star-News on April 30, 1956, advertising apartments, all sizes, and brick

storerooms for rent, giving three telephone num-·. bers, and that the plaintiff called one or more of these numbers and was invited to inspect the property of the defendant at 906-908 English Ave-' nue, Indianapolis, Indiana, and as a result of inspecting said premises the plaintiff received the injuries complained of and in the manner alleged in her complaint, then you may find for the plaintiff."

"The law provides that if an act done by an agent is within the general scope of his authority, it matters not that such act is directly contrary to private instructions of the principal; the principal is nevertheless bound by such act.

So, if you find by a preponderance of the evidence that the defendant, Edward B. Holtam, authorized his agents and employees to manage his rental properties and inserted newspaper ads giving the telephone numbers of such agents and employees, and that such agents and employees did insert an ad. in the Indianapolis Star-News on April 30, 1956, advertising apartments, all sizes, for rent and giving the telephone numbers of such agents and employees, and that the plaintiff called one or more of such numbers and was invited to inspect the property of the defendant at 906-908 English Avenue, Indianapolis, Indiana, and that plaintiff as the result of inspecting said premises received the injuries complained of and in the manner alleged in her complaint, then you may find for the plaintiff, even though such agent or employee invited plaintiff to inspect said premises contrary to some private instructions given by defendant to such agent or employee."

In each of said instructions the jury were told that "they may find for the plaintiff" under the facts set forth therein. These are neither mandatory, as a matter of law, nor prejudicial, as a matter of law and fact. The failure to include all the essential elements of proximate cause and contributory negligence in any one instruction not mandatory in character, is not error. *Vance v. Wells* (1959), 129 Ind.

App. 659, 159 N. E. 2d 586; *Chesapeake & Ohio Railway Company* v. *Pace* (1961), 132 Ind. App. 321, 175 N. E. 2d 895; *Weis et al.* v. *Wakefield* (1942), 111 Ind. App. 106, 38 N. E. 2d 303.

By his Propositions 4 and 9 appellant groups three reasons for a new trial: Numbers 1, 5 and 6, that (1) the verdict is contrary to law, (5) overruling appellant's motion for directed verdict at the conclusion of appellee's evidence, and (6) overruling appellant's motion to direct a verdict at the conclusion of all the evidence.

Appellant continues to argue, in support of these asserted errors, from an unrealistic position in light of the evidence. We desire to state that from the evidence and the instructions given, appellant's defense was properly preserved throughout the trial under appropriate procedure, and while rulings and conduct of the trial court may have been, and doubtless were, prejudicial to his defense, as generally is true in establishing a case, under the evidence, suitable and pertinent guide lines were employed to provide him with a fair and impartial trial at the hands of the jury. The facts in the case were of such nature that appellant's defense was insufficient to bring him a favorable verdict.

And as to the agency, the submission of the question to the jury would not be harmful to appellant, if, as he contends, the question is a matter of law for the court to decide. We should think, however, that such a question ordinarily is one of fact and that the matter should go to the jury under appropriate instructions.

As above stated, there was ample evidence for submission to the jury as to the extent of the invitation

242

and whether appellee was guilty of contributory negligence in the acceptance of such invitation coexistent with the limits of the premises inspected. *Sylvestro* v. *Walz, supra; Rhodius et al.* v. *Johnson* (1900), 24 Ind. App. 401, 56 N. E. 942; *Howe et al.* v. *Ohmart* (1893), 7 Ind. App. 32, 33 N. E. 466; *Henry, Receiver* v. *Swailes* (1914), 57 Ind. App. 218, 105 N. E. 162.

Under his Proposition No. 5, appellant asserts error in overruling the motion for new trial for reasons numbered therein:

"The Court erred in overruling Appellant's Motion for New Trial. Reasons in the Motion for New Trial are:

'6. The Court erred in overruling the defendant's motion at the close of all the evidence to withdraw from the jury the allegations of negligence in rhetorical paragraph 5 of the plaintiff's complaint on the grounds that the evidence was insufficient to sustain said allegations of negligence, and that, under the law, no duty was owed to the plaintiff as alleged.'

"The allegations of negligence in said rhetorical paragraph 5 are:

'The defendant negligently failed to place a guard or door across the opening in said first floor where said stairway passed from said first floor to said basement; that said opening was unprotected, unguarded and unlighted on or about said 1st day of May, 1956, ..'

"Also reason for new trial:

'7. The Court erred in overruling the defendant's motion at the close of all the evidence to withdraw from the jury the allegations of negligence in rhetorical paragraph 6 of the plaintiff's complaint on the grounds that the evidence was insufficient to sustain said allegation of negligence, and that, under the law, no duty was owed to the plaintiff as alleged.'

"The allegations of negligence in said rhetorical paragraph 6 are:

'That the place where said stairway was located was very dark and defendant negligently failed to keep any light burning to warn persons of the said unguarded opening to said basement and of the attendant danger.'

'8. The Court erred in overruling defendant's motion at the close of all the evidence to withdraw from the jury the allegations in rhetorical paragraph 7 of the plaintiff's complaint on the grounds that the evidence was insufficient to sustain said allegations of negligence, and that, under the law, no duty was owed to the plaintiff as alleged.'

"The allegations of negligence in rhetorical paragraph 7 are:

'That at the time plaintiff inspected said premises on said 1st day of May, 1956, the defendant had negligently permitted said stairway to be unlighted and unguarded and had not provided any railing, guard or other protection from said opening on the first floor of said premises into said stairway of said basement.' "

To support his contentions of error, appellant briefly restates some of the arguments previously made which we have already answered, and which we find and hold to be without merit with reference to appellant's Propositions 5, 6 and 7, assigning reasons for new trial Numbers 14, 15, 17 and 13; his Proposition No. 8, assigning reasons for new trial No. 2; and in reference to his Proposition No. 10, assigning reason for new trial No. 3, we suggest that said contentions do not present basic and fundamental claims not already considered, and we think that to remark upon them would unnecessarily extend this opinion. It will suffice to say, we think, that we have carefully considered each and all of the contentions of appellant, related them to the record, and the objections particularly made

concerning instructions. Finding no error advanced by appellant, the judgment is affirmed.

Hunter, Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 370. Transfer denied. Achor, C. J., and Jackson, J., dissent.