GLEN MUSGRAVE *v.* JOHN MADONNA AND RUDY GAINER.

[No. 2-974A229. Filed February 18, 1976. Rehearing denied March 10, 1976. Transfer denied August 20, 1976.]

*Robert Leirer Justice,* of Logansport, for appellant.

*George Wildman, Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellee Madonna.

SULLIVAN, J.—Plaintiff Musgrave appeals a summary judgment entered in favor of defendant Madonna. By that judgment, Madonna, an alleged absentee proprietor of a regular marathon poker game upon his premises, was exonerated from personal liability for an assault committed upon Musgrave, an observer of the game, by a participant in the presence of the alleged agent, partner, or employee of Madonna. It was the theory of the plaintiff Musgrave, as against Madonna, that the Saturday night dealer, Flumbaum, had the obligation to keep order and that when he failed to do so during an altercation between plaintiff Musgrave and a participant in the game, Madonna might be held liable under the doctrine of respondeat superior.[1] Madonna's Motion for Summary Judgment was premised upon the assertion that as a matter of law Flumbaum was not his agent, servant or employee.

Musgrave's complaint alleged that Flumbaum as a dealer was the agent of Madonna and knew of Gainer's pugnacious

---

1. Default judgment for compensatory damages and for punitive damages for assault and battery was entered against Gainer. That judgment is not before us on appeal.

nature and that the verbal abuse and harrassment of Musgrave had continued for an extended time on the particular occasion. The complaint alleged that Madonna, through his agent, negligently permitted Gainer to remain on the premises and permitted Gainer to strike Musgrave with a chair. Madonna's answer admitted that Flumbaum was a tenant upon the premises but denied that he was an employee or agent.

Flumbaum stated by deposition that he himself ran the game; that he paid no rent to Madonna for use of the building but paid all utilities and if Flumbaum who participated in the games himself came out ahead monetarily, he would give Madonna "whatever is right". There was no set amount paid to or expected by Madonna. Only if Flumbaum came out ahead over a period of time would he pay something to Madonna for use of the premises. He said that he "rented" the room from Madonna but that as dealer, he never represented anyone's interest other than his own. Flumbaum stated that during the game in question, Madonna did not appear on that night or the morning of the next day. He stated that the dealer, whoever it might be, would cut each pot for purposes of meeting expenses for utilities, coffee, light bulbs and the like.

Musgrave's deposition stated that Madonna had been present at the game in question some hours before the assault. He stated that on previous occasions, he had "run the game" for Madonna and would be paid $25.00 for doing so. On occasion Musgrave would go to Madonna's house to pick up money with which to run the game.

In answers to interrogatories, Madonna admitted receiving money from Flumbaum from time to time for use of the premises but denied that he ever received money from players or that Flumbaum was his agent or employee with respect to running the game.

The parties hereto have not briefed or argued a threshold question. We therefore do not decide whether Madonna (as-

suming Flumbaum to have been his partner, agent, or employee in the operation of the poker game) had any duty to protect Musgrave from criminal attack by Gainer. *See* Anno., 10 A.L.R. 3d 619; *Dickson* v. *Waldron* (1893), 135 Ind. 507, 34 N.E. 506, (aff'd. on reh.) 35 N.E. 1; (liability of theatre owner for attack on patron by employee) ; *Sheehan* v. *N. Y. Central R. R. Co.* (1940), 108 Ind. App. 38, 27 N.E.2d 100 (duty of common carrier to protect passenger against attack from other passenger).

The sole issue before us is, therefore, whether there is a genuine issue of fact concerning Flumbaum's relationship to Madonna, whether as agent, partner or employee. Generally speaking, the question of whether a relationship of partnersnip, principal and agent, or master and servant exists is one of fact. *See Holtam* v. *Sachs* (1963), 136 Ind. App. 231, 193 N.E.2d 370.

The arguable improbability of recovery by Musgrave against Madonna under facts and circumstances as suggested by the summary judgment proceeding before us, does not justify affirmance of that judgment if there exists a genuine issue of fact as to the relationship of agency or master servant or partnership upon which liability might be predicated; or if from the undisputed facts conflicting inferences may be drawn. *Central Realty, Inc.* v. *Hillman's Equipment, Inc.* (1969), 253 Ind. 48, 246 N.E.2d 383; *Furniss* v. *Waters* (1971), 150 Ind. App. 566, 277 N.E.2d 48; *McNabb* v. *Mason* (1970), 148 Ind. App. 233, 264 N.E.2d 623.

As stated in *Central Realty, Inc.* v. *Hillman's Equipment, Inc., supra:*

"Although the material presented in the supporting affidavits may be extremely persuasive and entitled to great weight in arriving at conclusions of fact, the mere persuasiveness of the material does not erase the existence of factual issues which can only be decided by weighing evidence and drawing conclusions of fact. In short, although one supporting affidavit may be more persuasive than another, mere persuasiveness does not destroy the existence

of a factual controversy. It is only when the supporting affidavits clearly establish that there is no controversy as to any material fact that summary judgment can be granted. Ind. Ann. Stat. § 2-2524 (c), *supra; Kapusta* v. *DePuy Mfg. Co., supra; Fountain* v. *Filson, supra.*

Summary judgment cannot be granted, however, when it is necessary to weigh the evidence contained in the supporting affidavits, draw conclusions of fact from that evidence, and thereby determine a preponderance of the evidence. In ruling on motions for summary judgment, the court may not decide questions of fact, but is limited to the sole determination of whether or not a factual controversy exists. In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists." 253 Ind. at 56, 57.

Thus, it is unnecessary that we here treat exhaustively the requisite evidentiary elements of establishing relationships of partnership, employment, or agency as opposed to a mere tenancy at will. Suffice it to say, that the matters contained in the depositions and answers to interrogatories which were before the court below are susceptible to conflicting inferences concerning the existence and nature of the relationship between Flumbaum, the dealer, and Madonna, the owner of the premises.

The relative unlikelihood of ultimate recovery by Musgrave against Madonna as reflected by the trial court's judgment below, is not cause for summary disposition. As we stated in *McNabb* v. *Mason, supra,* 264 N.E.2d 623 at 627:

"The *existence* of factual issues, however, is quite a different question from that concerning the burden of establishing, as a matter of evidentiary proof, the facts alleged by plaintiff." (Original emphasis).

Regardless therefore of the possible difficulty Musgrave may have in sustaining his burden of proof, the state of the law dictates that he be given an opportunity to do so. *See Watson* v. *Tempco Transportation, Inc.* (1972), 151 Ind. App.

644, 281 N.E.2d 131; *Compare* with *Pace* v. *Couture* (1971), 150 Ind. App. 220, 276 N.E.2d 213 and *Pan American World Airways, Inc.* v. *Local Readers Service, Inc.* (1968), 143 Ind. App. 370, 240 N.E.2d 552.

The judgment is reversed and the cause is remanded for further proceedings.

Buchanan, P.J., and White, J., concur.

NOTE.—Reported at 341 N.E.2d 789.