WESTERN DODGE, INC.,
Appellant-defendant,

v.

Joseph CARDWELL, Appellee–plaintiff.

No. 2–280A53.

Court of Appeals of Indiana,
Fourth District.

Sept. 30, 1980.

Jerome T. Holderead, Browne, Torrance, Spitzer, Herriman & Browne, Marion, for appellant–defendant.

H. Joseph Certain, Kiley, Osborn, Brown, Kiley, Harker & Rogers, Marion, for appellee–plaintiff.

CHIPMAN, Judge.

Western Dodge, Inc. (Western) appeals from a summary judgment entered against it and in favor of Joseph Cardwell in the amount of $1,650.00 for breach of a contract to sell an automobile. We reverse.

Western has raised the following issues:

Whether any genuine issues exist as to any material facts regarding the existence and the terms of the contract.

FACTS

The facts most favorable to the non–moving party, Western, show that on February 24, 1978, Cardwell offered to purchase a $4,092.00 1978 Dodge Colt from Western for cash plus his 1973 Plymouth Fury. Allen Brumfiel, a salesman for Western, reduced the offer to writing on a "car invoice" sheet. He appraised the value of the trade–in at $792.00 but when he calculated the amount of cash needed in addition to the trade–in, he used the $792.00 figure instead of the $3,300.00 figure as the difference between the sale price, $4,092.00, and the value of the trade–in, $792.00. On the middle of the invoice Brumfiel listed the difference as $792.00. To this he added $31.60, the 4% sales tax on $792.00, and $3.50 for the state inspection totaling $827.18. From this he subtracted $500.00 representing the deposit tendered by Cardwell, leaving an erroneous balance due figure of $327.18. The correct figures should have been $3,300.00 as the difference between the sale price and the value of the trade–in, plus 4% sales tax on $3,300.00. The addition of state inspection charges made a total of $3,435.50. After subtracting $500.00 the actually intended balance due figure would have been $2,935.50. In the lower right hand corner Brumfiel had correctly listed the $3,300.00 difference figure in the settlement column. The "car invoice" was signed by Cardwell and initialed by Brumfiel but it did not contain any words of promise. (See attached invoice.)

When Cardwell gave Brumfiel the $500.00 deposit, Brumfiel told Cardwell all sales agreements were subject to the approval of Pat Blaugher, President of Western, but he would hold the $500.00 as earnest money pending Blaugher's approval.

After Cardwell had left, Brumfiel realized his error and attempted to contact

Cardwell but was unable to do so. Cardwell came into Western the following morning to obtain information he needed to secure insurance for the Dodge Colt. Brumfiel told Cardwell he needed to talk to him about something very important but when Brumfiel returned a minute later Cardwell was in his car leaving and indicated he would return that afternoon. He did not return that afternoon and Brumfiel was unable to contact Cardwell before the latter arrived on Monday afternoon to pick up the Dodge Colt. It was then that Brumfiel informed Cardwell his offer to purchase had not been approved and he returned the $500.00 deposit check.

Over the weekend Cardwell had purchased a 1978 Ford truck from a different dealer in alleged reliance upon the $327.18 figure shown on the "car invoice" sheet.

On March 18, 1978, Cardwell purchased a similar Dodge Colt from a different dealer for approximately $1,650.00 more than what the car would have cost if Western had approved his offer to purchase. He then filed this action seeking $1,650.00 in damages. After reviewing the pleadings, affidavits, admissions, and answers to interrogatories, the trial court granted the plaintiff Cardwell's Motion for Summary Judgment finding Western and the plaintiff had entered a contract, Western failed to abide by it, and the plaintiff was damaged in the sum of $1,650.00.

## THE EXISTENCE OF GENUINE ISSUES AS TO ANY MATERIAL FACTS

Under Ind. Rules of Procedure, Trial Rule 56(C), the burden is on the party moving for summary judgment to show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. For the purpose of this motion, we are required to take the facts set forth by the non-moving party as true and to resolve all doubts against the party seeking summary judgment. *Stapinski v. Walsh Construction Co., Inc.*, (1979) Ind., 395 N.E.2d 1251. Cardwell has failed to meet his burden of showing there is no genuine issue as to any material facts and that he is entitled to a judgment as a matter of law.

A genuine issue exists concerning whether a binding agreement, a contract, was ever reached. First, a question of fact exists as to whether Brumfiel told Cardwell all deals were subject to the approval of Blaugher and whether Brumfiel had the apparent authority to bind his principal, Western. "Generally speaking, the question of whether a relationship of . . . principal and agent . . . exists is one of fact." *Musgrave v. Madonna*, (1976) 168 Ind.App. 145, 341 N.E.2d 789, 790. Secondly, a question of fact exists as to whether there was a mutual assent between Cardwell and Brumfiel.

"[I]f the expression of two parties purporting to be acts of offer and acceptance are materially different in meaning, or if their expressions fail to show agreement on essential terms, and the facts are not such as to create an estoppel against either of the parties there is no mutual assent and hence no contract."

*Goethals v. DeVos*, (1977) Ind.App., 366 N.E.2d 673, 674. Certainly in this case there exists a question of fact as to the sameness of the offer made by Cardwell and the offer accepted by Brumfiel. Additionally, the issue of estoppel presents factual questions to be resolved.

Lastly, if the trier of fact finds a contract existed between Western and Cardwell, it will be necessary for the trier to determine the terms of the contract. The ambiguities on the face of the "car invoice" make it susceptible of more than one construction and its construction is then the responsibility of the trier of fact. *Kleen Leen, Inc. v. Mylcraine*, (1977) Ind.App., 369 N.E.2d 638.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

MILLER, J., and YOUNG, P. J., concur.

CAR INVOICE

WESTERN DODGE, Inc.
3527 South Western Avenue
MARION, INDIANA 46952

Nº 7377

DATE 2-24-78

SOLD TO: Joseph Cardwell
ADDRESS Rt#2 Hartford City

SALESMAN:

MAKE: Dodge
YEAR: 78
MODEL: Colt
SERIAL NO: 6H41K813026655
BODY STYLE: 4 Dr
NEW OR USED: New
KEY NO.

PRICE OF CAR ............ 4092.00
TRANSPORTATION CHARGE
PREP. & CONDITIONING
SALES TAX
DELIVERED PRICE
EXTRAS:
OPTIONAL EQUIP. & ACC.:
FACTORY INSTALLED
DEALER INSTALLED
SALES TAX
TOTAL CASH PRICE
COST OF FINANCING
COST OF INSURANCE
TOTAL TIME PRICE
SETTLEMENT:
DEPOSIT
CASH ON DELIVERY
USED CAR:
YEAR 73  MAKE
MODEL
SERIAL NO.
MOTOR NO.
PAYMENTS:
AT $
AT $
TOTAL

INSURANCE COVERAGE INCLUDES
PUBLIC LIABILITY — AMT.
PROPERTY DAMAGE — AMT.
FIRE AND THEFT
COLLISION — AMT. DEDUCT.

GROUP   OPTIONAL EQUIPMENT AND ACCESSORIES
DESCRIPTION   PRICE

NEW CAR — FACTORY INSTALLED:

NEW CAR — DEALER INSTALLED:

USED CAR — TRADE-IN:

10 off — 292.00
Tax — 31.68
Setup — 3.50
827.18
Dep — 500.00
327.18

PURCHASER'S SIGNATURE

THE PURCHASER AUTHORIZES THE DEALER TO INSTALL THE OPTIONAL EQUIPMENT, ACCESSORIES AND SERVICES HEREON DESCRIBED, AND TO PLACE THE INSURANCE AS HEREON CHECKED; ACKNOWLEDGES RECEIPT OF THIS CAR AND A COPY OF THIS INVOICE.

NO GUARANTEE ON TIRES, PAINT, UPHOLSTERY OR FRONT END ALIGNMENT.

ALWAYS SHOW SERIAL, MOTOR